[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE
The plaintiff bank has filed this foreclosure action against the defendants based on a note and mortgage deed signed in 1989. The defendants have filed an answer, special defenses, and a counterclaim, the latter having five counts. The fifth count alleges that the breach by the plaintiff of a written agreement to essentially refinance the 1989 loan is a violation of Conn. Gen. Stat. Sec. 42-110a et seq., the Connecticut Unfair Trade Practice Act (CUTPA).
The plaintiff has moved to strike the fifth count of the counterclaim on a variety of grounds, among them that CUTPA does not apply to banks, especially "national banks," that it cannot apply to transactions involving a single incident, that there is no allegation sufficient to connect the claimed transaction either to a consumer interest or to the public interest, and that the claim for punitive damages cannot be supported by the facts as pleaded.
Much of that with which the defendant quarrels involves the eventual proof on the issue of whether an unfair trade practice has occurred in this case. The question of whether a single transaction can support a violation of CUTPA is actually a matter of proof, not pleading, and has, by implication, been answered by the Appellate Court. See, Prishwalko v. Bob Thomas Ford, Inc.,33 Conn. App. 575 (1994). Likewise it is a question of fact for the trier to determine whether the alleged violation has a sufficient nexus with the public interest[1] or with consumer affairs to be found to fall under CUTPA. Id. Certainly here, where a bank is attempting to enforce its claims against two natural persons who have chosen to do business with it instead of with some other lending institution, the court cannot say, based only on the pleadings and as a matter of law, that the claimed violation is not covered by CUTPA.
The question of whether a bank of whatever charter is exempt from the provisions of CUTPA is less clear, if solely for the split CT Page 1355 of authority within the Superior Court. For the reasons set forth with great wisdom by the court (Dranginis, J.) in Economic Development Associates v. Citytrust, 6 CSCR 400 (No. 052665, J.D. of Litchfield, March 27, 1991), this court adopts the view that transactions by banks are not exempt per se. Further, the fact that banks are excluded from the Federal Trade Commission Act which in some other ways tracks our statute is largely irrelevant. We look to the federal act for assistance in interpreting the state act when the two acts are congruent. The former simply does not speak to the latter in areas that our General Assembly chose not to specifically omit as did Congress[2]. As before, whether the banking transaction alleged here admits of proof that otherwise appears to satisfy the demands of CUTPA is a matter of proof, not of pleading.
Finally, on the question of punitive damages, the defendants have alleged an intentional misrepresentation by the plaintiff. It is premature to rule as a matter of law that such a transaction cannot support an award of punitive damages if a violation is found.
The Motion to Strike the Fifth Count of the Defendants' Counterclaim is denied.
PATTY JENKINS PITTMAN, JUDGE